IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PAUL D. DICKENS                                                                         PLAINTIFF

v.                                            NO. 4:04cv00064 JLH

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge J. Leon Holmes. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk of the Court no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff has filed a motion for attorney's fees under the Social Security Act (SSA) pursuant to 42 U.S.C. § 406(b) for services performed by his attorney, along with a supporting brief and affidavit (doc. 25, 26, 27). The Commissioner has not responded, and the time for doing so has expired. The motion has been referred for recommended disposition (doc. 28).

I.

On January 20, 2004, Plaintiff and his attorney entered into a fee agreement whereby counsel agreed to represent Plaintiff in seeking judicial review of the Commissioner's administrative denial of his claims for disability insurance benefits and

supplemental security income, and Plaintiff agreed to pay counsel a fee equal to twenty-five percent of any past-due benefits awarded (doc. 25-2). Three days later, counsel initiated this action by filing a complaint (doc. 2). On November 24, 2004, this Court entered a judgment reversing the Commissioner's decision and remanding Plaintiff's case for further administrative consideration pursuant to sentence four of 42 U.S.C. § 405(g) (doc. 16, 17). Another administrative hearing was held on remand, and a fully favorable decision was issued, finding Plaintiff disabled.

On June 24, 2006, Plaintiff was given written notice that he was entitled to monthly disability benefits beginning June 2001 (doc. 25-3). The notice informed Plaintiff that $12,229.50 was being withheld from his award of past-due benefits, in accordance with the Commissioner's practice of withholding twenty-five percent of those benefits to pay any later approved attorney fee award. On July 30, 2006, Plaintiff was given written notice that he was entitled to additional monthly benefits on behalf of his child and that $1,501.50 had been withheld from those past-due benefits to pay an attorney's fee (doc. 25-4). Therefore, a total of $13,731.00 was withheld in anticipation of paying any authorized attorney fee award.[1]

On July 8, 2005, this Court entered an order granting Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, awarding an EAJA fee of $1,837.50 for 14.7 hours of work done before this Court by his attorney, at an hourly rate of $125.00 (doc. 22, 23, 25-5). Plaintiff's counsel asserts that he also has received a fee pursuant to 42 U.S.C. § 406(a) in the amount of $4,000.00 for 21.5 hours of work on Plaintiff's behalf in administrative proceedings (doc. 26, at 3; doc. 27 ¶¶ 10, 13).

Plaintiff now seeks an award of $9,731.00 for 14.7 hours of court-related attorney work pursuant to the SSA which, when added to the $4,000.00 agency award, would equal

---

[1]This amount equals 25 percent of $54,924.00, the amount of past-due benefits that counsel states, without dispute, was awarded ($48,918.00 for Plaintiff and $6,006.00 for his child) (doc. 25 ¶ 2 & fn.1; doc. 27 ¶ 4).

twenty-five percent of the past-due benefits awarded.

II.

An attorney for a successful claimant in a social security case may recover fees in three different ways. First, the SSA, as codified at 42 U.S.C. § 406(a), permits the attorney to obtain a fee award from the Commissioner for work performed at the administrative level. Second, the SSA, as codified at 42 U.S.C. § 406(b), permits the attorney to obtain a fee award from the district court for work performed before that court. In both instances, the attorney's fee is taken out of the claimant's award of past-due benefits and the aggregate fee award may not exceed twenty-five percent of the claimant's past-due benefits. Third, EAJA allows an attorney for a claimant prevailing in court to obtain a fee award, to be paid by the government, if the Commissioner's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 793-96 (2002). Dual attorney fee applications and awards under both the SSA and the EAJA are not improper as long as the attorney returns to his client the lesser of any fee received for the same work. *Id.* at 796. Thus, an EAJA fee award (for court-related services) which is remitted to the client will offset the amount that an SSA § 406(b) fee award (for the same court-related services) reduces the client's past-due benefits. *Id.*

As stated, Plaintiff's counsel has already received an agency award of $4,000.00 pursuant to § 406(a) for administrative-level work and an EAJA award of $1,837.50 for court work. Counsel states that, if his § 406(b) fee request is granted, he will remit to Plaintiff the lesser EAJA award.

III.

Under § 406(b), the Court may determine and allow a "reasonable fee" for court-related attorney representation. The SSA does not displace contingent-fee agreements

3

entered into between a claimant and his attorney; rather, § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. So long as the contingent fee does not exceed the statutory boundary of twenty-five percent of the past-due benefits, the attorney for the successful claimant must simply show that the fee sought is "reasonable for the services rendered." *Id.*

In its analysis, the Court should look first to the contingent-fee agreement and then test it for reasonableness by examining, *inter alia*, the character of the attorney's representation, the results achieved by the representation, whether the attorney was responsible for any delay that produced an accumulation of past-due benefits, the number of hours the attorney spent representing the claimant, and the attorney's normal hourly billing rate for non-contingent fee cases. Where the benefits are large in comparison to the amount of time counsel spent on the case, "a downward adjustment" may be in order to prevent a "windfall" to the attorney. *Id.* at 808-09. Although compensation can be awarded only for court-related work, the Court may consider the attorney's work at the agency level as a factor relevant to the complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court. *Mudd v. Barnhart*, 418 F.3d 424, 428-29 (4th Cir. 2005).

In Plaintiff's quest for disability benefits, counsel has represented him for more than four years in administrative and court proceedings. As stated, counsel and Plaintiff entered into a fee agreement in January 2004 whereby counsel agreed to pursue judicial review of the administrative denial of benefits, and Plaintiff agreed to pay counsel a fee of twenty-five percent of any past-due benefits awarded. By entering into this contingent-fee agreement, counsel bore the risk of non-payment in the event no benefits were awarded for the client. As a result of counsel's representation, Plaintiff obtained a reversal of the Commissioner's decision, a remand, and, in post-remand administrative proceedings, an

award of benefits. Plaintiff would have been unsuccessful without judicial action. Plaintiff's counsel has a history of representing social security claimants, there appear to be no significant delays attributable to counsel, and the number of court-related hours expended is reasonable.[2] Nothing indicates that this matter presented issues that were novel or unusually difficult or precluded counsel from accepting other employment.

Counsel states in an affidavit (doc. 27 ¶¶ 7-8) that his customary hourly rate is $150, that he expects to receive more in contingent fee cases due to the risk of non-recovery, that he has received § 406(b) fees in other social security cases that are comparable to the fee requested here, and that the attorney fees customarily charged in this locality for similar legal services range from $150 to $400 per hour.

As stated, counsel has received a § 406(a) fee award of $4,000.00 for 21.15 hours of administrative work and seeks a § 406(b) fee award of $9,731.00 for 14.7 hours of court-related work. This constitutes a rate of $383.01 per hour for 35.85 hours of work on Plaintiff's behalf in this matter. Based on all the relevant factors, this represents a reasonable fee award and adequately furthers the joint purposes of protecting social security claimants from "inordinately large fees" and ensuring that attorneys representing such claimants are appropriately compensated. *See Gisbrecht*, 535 U.S. at 805.

Therefore, pursuant to the SSA, Plaintiff's attorney is entitled to a § 406(b) fee in the amount of $9,731.00, provided this amount, when combined with any fees awarded at the administrative level, does not exceed twenty-five percent of Plaintiff's past-due benefits. The Commissioner will coordinate any fees granted for representation at the administrative level with the amount granted by the Court. As counsel recognizes, he is required to remit the earlier received $1,837.50 EAJA fee to Plaintiff.

---

[2] Plaintiff has not submitted an itemization in support of his § 406(b) request, but the 14.7 hours at issue were documented in an itemization submitted with his earlier EAJA request (doc. 18, at 4-6).

IV.

Accordingly, it is hereby RECOMMENDED

(1) That Plaintiff's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b) (doc. 25) should be granted;

(2) That Plaintiff's attorney should be found entitled to an attorney's fee in the amount of $9,731.00 pursuant to § 406(b);

(3) That the Commissioner should be ordered to pay to Todd G. Cockrill, attorney for Plaintiff, the amount due under § 406(b), in addition to any fees found to be due for representation at the administrative level, or pay the attorney twenty-five percent of Plaintiff's past-due benefits, whichever sum is less; and

(4) That Plaintiff's attorney should be directed to remit to Plaintiff the earlier EAJA award of attorney's fees in the amount of $1,837.50.

DATED this 1st day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE